**In re Application of The KANSAS CITY STAR COMPANY.**

**(UNITED STATES**

**v.**

**PRIMM, et al., 92–0116L–01/02).**

**No. 92–0116L–01/02.**

United States District Court, W.D. Missouri, W.D.

July 15, 1992.

224

J.A. Felton, Lathrop & Norquist, Kansas City, Mo., for applicant Kansas City Star Co.

John P. O'Connor, Niewald, Waldeck & Brown, Randall J. Schlegel, Budesheim, Schlegel & Durbin, P.C., Ronald Hall, Federal Public Defender, and Charles R. Brown, Fields, Brown, Williams & Clark, Kansas City, Mo., for defendants.

## ORDER

LARSEN, United States Magistrate Judge.

Before the court is an application filed by The Kansas City Star Company ("the Star") seeking access to an affidavit filed under seal in support of a criminal complaint. Because I find that defendants' sixth amendment rights to a fair trial outweigh any public right of access, the affidavit will be unsealed in a redacted form until the redacted information is disclosed in some future court proceeding.

## I. BACKGROUND

On March 11, 1992, FBI Special Agent Stanley C. Ronquest, Jr., was murdered in Kansas City, Missouri, in an apparent bungled street robbery. The FBI and the Kansas City, Missouri, Police Department conducted an intense investigation. At one point, the FBI had 160 agents working on the case. On July 9, 1992, the FBI arrested Richard Primm and Robert Pearson for the murder of Agent Ronquest. On July 10, 1992, a complaint was prepared charging Primm and Pearson with murder, assault, and unlawful use of a firearm. The complaint indicates that the maximum penalty the defendants face is death. A first appearance proceeding was set for 11:00 a.m.

Prior to the first appearance proceeding, two attorneys were appointed to represent each defendant pursuant to 18 U.S.C. § 3005. The attorneys received a copy of the complaint and affidavit a short time before the first appearance was set to begin. Minutes before the first appearance, defense counsel made an in camera request

that the affidavit in support of the complaint be sealed on the grounds that disclosure would prejudice defendants' right to a fair trial.

During the first appearance, defendants waived formal reading of the affidavit and again moved to have the affidavit sealed. The government objected on the grounds that the fair trial question could be dealt with in the future. After weighing the defendants' interests against the interests of the public in having access to the affidavit, I found that the balance tipped in favor of the defendants and ordered the affidavit sealed.

On July 13, 1992, the Star filed an application to have the affidavit unsealed (document number 13). In support of its application, the Star states, in part, as follows:

> In this case, no compelling justification to seal the Affidavit has been offered. A conclusory finding by the Court, without any specific showing by the defendants, that release of the Affidavit would prejudice the defendants' trials is insufficient to override the Applicant's First Amendment rights. In order to justify sealing the Affidavit, the defendants must establish that such an action is (1) *essential* to protect governmental interests *and* (2) that less restrictive alternatives would not suffice....

> The burden in this case is on the defendants to justify the closure of public records. Under the First Amendment, there is a presumptive right of public access to all official judicial records. Even if the Court engages in the balancing of the interests involved in this case, in the absence of any particularized and compelling showing that sealing the Affidavit is essential to protect the defendants' Sixth Amendment rights and that no means less restrictive than sealing the Affidavit would suffice, the public must be given access to the Affidavit.

On July 14, 1992, the defendants filed suggestions in opposition to the Star's application for access to the affidavit (document number 16). Defendants argue that "because of 'the pervasiveness of modern communications and the difficulty of effac-

ing prejudicial publicity from the minds of jurors, the trial courts must take strong measures to ensure that the balance is never weighed against the accused.'" (citation omitted).

A hearing on the Star's application was held before me on July 14, 1992.

## II. PUBLIC ACCESS VERSUS THE SIXTH AMENDMENT

### A. *Common Law Right Of Access.*

The common law right of access to judicial records is not absolute. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); *United States v. Webbe,* 791 F.2d 103, 106 (8th Cir.1986); *In re Applications of Kansas City Star,* 666 F.2d 1168, 1176 (8th Cir.1981). "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.,* 435 U.S. at 599, 98 S.Ct. at 1312–13; *United States v. Webbe,* 791 F.2d at 106; *United States v. Rosenthal,* 763 F.2d 1291, 1295 (11th Cir. 1985); *Belo Broadcasting Corp. v. Clark,* 654 F.2d 423, 430–31 (5th Cir.1981). When the concern is the efficient administration of justice and the provision to defendants of fair trials, the consideration of competing values is one heavily reliant on the observations and insights of the presiding judge. *United States v. Webbe,* 791 F.2d at 106; *Belo Broadcasting Corp. v. Clark,* 654 F.2d at 431 n. 18.

The Eighth Circuit has explicitly declined to adopt the reasoning of other circuits which find a "strong presumption" in favor of the common law right of access. *United States v. Webbe,* 791 F.2d at 106. "We favor the approach of the Fifth Circuit ... [giving] deference to the determination of the district court". *Id.* The *Webbe* court stated that the "strong presumption" standard is more appropriate for protection of constitutional rights rather than of common law rights. *Id.*

■ The ability of the defendant to get a fair trial if access is granted is the primary

ultimate value to be weighed on the non-access side of the balance. *Id.; United States v. Rosenthal,* 763 F.2d at 1295 n. 5. After weighing the defendants' rights to a fair trial and the public's right of access to the contents of the affidavit, I find that defendants' rights outweigh those of the public, with respect to portions of the affidavit.

First, I find that disclosure of the majority of the information contained in the affidavit (recitation of eye-witness accounts and descriptions of physical evidence collected by law enforcement authorities) will not prejudice defendants' rights to a fair trial. Second, I find that the fact that defendants have given statements to the FBI may be disclosed since this fact has already appeared in the July 11, 1992, issue of *The Kansas City Star.* Finally, I find that the contents of defendants' statements should remain sealed since the prejudicial effect of disclosure outweighs the public's interest in access to that information.

 If the court decides to seal documents, it must explain why sealing is necessary and why less restrictive alternatives are not appropriate. *Press–Enterprise Co. v. Superior Court of California,* 478 U.S. 1, 10–11, 106 S.Ct. 2735, 2741–42, 92 L.Ed.2d 1 (1986); *In re Search Warrant for Secretarial Area Outside Office of Gunn,* 855 F.2d 569, 574, *cert. denied,* 488 U.S. 1009, 109 S.Ct. 793, 102 L.Ed.2d 784 (1989). The court's findings must be specific enough to enable a higher court to determine whether its decision was proper. *Id.* at 574. If the court decides that a restriction of the public's right of access is warranted, the court can file its statement of reasons and specific findings under seal. *Id.* at 574; *In re Washington Post Co.,* 807 F.2d 383, 391 (4th Cir.1986); *In re Application of Herald Co.,* 734 F.2d 93, 101 (2d Cir.1984).

Specific reasons for my decision to keep the contents of defendants' statements under seal are contained in Attachment A, which will be filed under seal. *See In re Gunn,* 855 F.2d at 574.

 Once evidence has become known to the public, including representatives of the press, through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically present in the courtroom to see and hear the evidence. *United States v. Webbe,* 791 F.2d at 105; *In re Application of National Broadcasting Co.,* 635 F.2d 945, 952 (2d Cir.1980). Therefore, I find that the contents of defendants' statements should remain sealed only until that evidence is disclosed in a future court proceeding, such as a preliminary examination, detention hearing or suppression hearing.

### B. *First Amendment Right Of Access.*

The Star does not address the common law right of access in its application for disclosure. Rather, the Star argues that its qualified first amendment right of access overrides the defendants' sixth amendment rights to a fair trial. In sum, the Star argues that defendants bear the burden of establishing a "substantial probability" that disclosure of the contents of the affidavit will prejudice their rights to a fair trial; the sixth amendment concern cannot be substantiated by mere conclusory statements that prejudice will result; and, in this case, the conclusion that disclosure will result in prejudice can be reached only by making several "leaps of faith."

The first amendment right of public access is not absolute; it is a qualified right. *Press–Enterprise Co. v. Superior Court of California,* 478 U.S. 1, 9, 106 S.Ct. 2735, 2740–41, 92 L.Ed.2d 1 (1986) (Press–Enterprise II); *Globe Newspaper Co. v. Superior Court for County of Norfolk,* 457 U.S. 596, 606, 102 S.Ct. 2613, 2619–20, 73 L.Ed.2d 248 (1982); *In re Gunn,* 855 F.2d at 573. Proceedings may be closed and documents may be sealed if specific, on-the-record findings are made demonstrating that "closure is essential to preserve higher values and is narrowly tailored to that interest." *Press–Enterprise II,* 478 U.S. at 13–14, 106 S.Ct. at 2742–43; *In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir.1987), *cert. denied,* 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988).

The Star suggests that "[f]ailure to extend First Amendment protection to documents like this Affidavit at issue would place this Court in direct opposition with the United States Court of Appeals for the Eighth Circuit's ruling in *In re Gunn*, 855 F.2d at 573." I do not agree.

In *In re Gunn* a panel of the Eighth Circuit held that the first amendment right of public access extends to documents filed in support of search warrant applications. *In re Gunn*, 855 F.2d at 575. That is the only conclusion agreed upon by at least two of the three judges. Judge Bowman, in a well-reasoned concurring opinion, stated that "[t]he common law right of access to judicial records—a qualified right with the decision of access left to the sound discretion of the trial court—is well established" and would lead to the same conclusion Judges McMillian and Heaney reached using the constitutional analysis. Therefore, Judge Bowman did not believe that the issue of whether the first amendment right of public access extends to affidavits filed in support of search warrants needed to be resolved.

I do not believe that *In re Gunn* extended the *Press–Enterprise II* holding to affidavits in support of criminal complaints. The narrow holding of *In re Gunn* applied only to documents in support of search warrant applications. Moreover, there are fundamental differences between an affidavit in support of a search warrant and an affidavit in support of a complaint. First, at the time an affidavit in support of a complaint is presented to the court, there is a named defendant, which is not usually the case when an affidavit for search warrant is presented. Second, the information contained in an affidavit in support of a complaint necessarily focuses on the accused. Again, that is not necessarily the case in an application for a search warrant. Therefore, I am not convinced that the holding of *In re Gunn* extends first amendment protection to affidavits in support of criminal complaints.

Because I find that defendants' sixth amendment rights to a fair trial outweigh the public's common law right of access to the affidavit, I do not reach the question whether first amendment protection extends to the affidavit at issue. However, even assuming that to be the case, the result would be the same.

■ The Star argues that in order to overcome the public's first amendment right of access, the defendants must prove, with evidence and not mere argument and conclusory allegations, that prejudice will result from disclosure. I do not agree. First, the public's first amendment right of access is qualified, it is not absolute. On the other hand, the sixth amendment right to a fair trial is not qualified.[1] "In essence the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors.... 'The theory of the law is that a juror who has formed an opinion cannot be impartial.'" *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961) (citation omitted). I have been unable to find a case which qualifies a defendant's sixth amendment right to a fair trial.

Second, it would be very difficult for a defendant to "come forward with evidence" establishing that disclosure would cause prejudice, as the Star suggests, without disclosing that information himself in the process of proving prejudice. The only suggestion the Star offered to eliminate this dilemma was to hold a closed hearing to determine whether prejudice exists. The problem with this suggestion is that the

---

**1.** The first amendment reads as follows:
Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble and to petition the Government for a redress of grievances.

The sixth amendment reads as follows:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation: to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

Supreme Court has held that in order for a defendant to obtain a closed hearing, he must show that closure is essential to preserve values higher than the public's right of access and that closure is narrowly tailored to serve that interest. *Press–Enterprise II*, 478 U.S. at 13–14, 106 S.Ct. at 2742–43. Therefore, a defendant would have to disclose that which he sought to seal in order to prove that disclosure would result in prejudice.

In addition, the overwhelming burden which the Star would have defendants face is not appropriate in a defense motion to seal an affidavit in support of a criminal complaint. A defendant has no legal right to the assistance of counsel at the time a complaint is filed.[2] Therefore, it is unreasonable to suggest that a defendant, without counsel, must prove a substantial probability of prejudice by offering evidence to the court.

█ I believe the more reasonable interpretation of a defendant's burden when he seeks to seal an affidavit in support of a complaint is that he is required to offer some legitimate reason why disclosure would result in prejudice. In some cases, this burden can be met simply by the court taking judicial notice of the publicity already generated by the case and the court documents, including the affidavit itself. In some instances, the probability of prejudice will be self-evident. In other cases, further explanation may be required, such as when a defendant requests that the existence of physical evidence not be disclosed.

The cases cited by the Star placing this overwhelming burden on the party seeking to seal a document also require a "compelling governmental interest." These cases are not applicable here. A compelling governmental interest is required only when the government is seeking to seal a document, not when a defendant makes the request. A defendant has a constitutional right to a fair trial, whereas the government has no comparable constitutional right to ask that a document be sealed.

Therefore, when the government makes the request, there is no constitutional interest competing with the public's first amendment right. In this case, the defendants' sixth amendment rights to a fair trial directly compete with the public's first amendment right of access. Therefore, I find that the defendants are not required to prove, with evidence and not mere argument and conclusory allegations, that prejudice will result from disclosure in order to overcome the public's first amendment right of access.

In its argument, the Star makes no distinction between capital and non-capital cases. The complaint filed in this case charges defendants with committing first degree murder which is punishable by death. Although the government represented at the July 14 hearing that it will not seek the death penalty, at this time the complaint indicates that defendants are facing death; therefore, this remains a capital case.

█ Congress has clearly distinguished capital cases by providing for additional protections: the defendant may have the assistance of two attorneys learned in the law (18 U.S.C. § 3005), disclosure of witness lists is required three days before trial (18 U.S.C. § 3432), waiver of indictment is forbidden (Federal Rule of Criminal Procedure 7), and additional peremptory challenges are provided (Federal Rule of Criminal Procedure 24(b)). Therefore, it follows that when defendants are facing death, serious consideration must be given to their sixth amendment rights to a fair trial, and any doubt must be resolved in their favor.

Even if the government does not seek the death penalty in this case, the same reasoning applies. According to the statute and the sentencing guidelines, defendants may, under no circumstances, receive less than life without parole if convicted of the murder charged.

After taking judicial notice of the extensive coverage of this case in the media and

---

2. In this case, out of an abundance of caution due to the extreme publicity of this case and the fact that defendants are facing the death penalty, I exercised my discretion and appointed counsel just prior to the first appearance proceeding.

the contents of the affidavit in question, I find that there is a substantial probability that disclosure of the contents of defendants' statements would prejudice their rights to a fair trial. Specific reasons for this finding are outlined in the sealed attachment to this order.

### C. *Least Restrictive Means.*

I find that redacting the contents of the defendants' statements from the affidavit until that information is made public in a future court proceeding is the least restrictive means of protecting the defendants' sixth amendment rights to a fair trial. The Star suggests eight alternatives to redaction of the affidavit: continuance, severance, change of venue, change of venire, intensive voir dire, additional peremptory challenges, sequestration of the jury, and admonitory jury instructions. These alternatives to redacting the affidavit are not applicable at this stage of the proceeding—they are curative measures which can be taken by the trial court after the "bell has been rung." At the complaint stage, no trial judge has been selected; therefore I am unable to assure the defendants that specific steps will be taken in the future to protect their rights to a fair trial since that decision rests entirely with the trial court. Furthermore, at this early juncture, I am in a position to *prevent* prejudice by redacting portions of the affidavit, rather than having to choose from methods of *curing* prejudice resulting from disclosure.

### III. CONCLUSION

I find that defendants' sixth amendment rights to a fair trial outweigh the public's common law right of access to the contents of defendants' statements which is outlined in the affidavit. Therefore, it is

ORDERED that the affidavit be unsealed with the contents of defendants' statements redacted.

Because sealing the contents of defendants' statements cannot be justified after that information has been disclosed in court, it is

ORDERED that the contents of defendants' statements remain sealed only until that information is disclosed in some future court proceeding.

Because I find that the defendants' sixth amendment rights to a fair trial outweigh the public's common law right of access to the contents of defendants' statements, the question of whether the qualified first amendment right of public access applies to the affidavit in support of the complaint need not be decided.